ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br>INTERÉS MENOR AGRS<br><br>Peticionario | TA2026CE00264 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: J2024-2025-30<br><br>Sobre:<br><br>Investigación |
|---|---|---|

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Boria Vizcarrondo[1]

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 17 de marzo de 2026.

La Sociedad para Asistencia Legal compareció en representación del menor AGRS y solicitan la revisión de una Orden que emitió el Tribunal de Primera Instancia, Sala de Fajardo, el 26 de febrero de 2026. Mediante esta el TPI ordenó que el menor AGRS fuese llevado el 5 de marzo, desde la Institución Juvenil donde este se encuentra, al Instituto de Ciencias Forenses para la toma de una muestra de ADN.

Evaluado el recurso disponemos expedir el auto de *certiorari* y revocar la orden recurrida.

### I.

AGRS se encontraba en libertad condicional. Mientras cumplía su medida dispositiva, el 8 de diciembre de 2025, el Procurador de Menores solicitó la Revocación de Libertad

---

[1] Conforme a la Orden Administrativa OATA-2026-016, la Hon. Lersy G. Boria Vizcarrondo sustituye a la Hon. Glorianne M. Lotti Rodríguez.

Condicional del menor.  La vista de revocación estaba pautada para el 19 de febrero de 2026.  No obstante, el 18 de febrero de 2026, el Procurador de Asuntos de Menores y Fiscal Especial presentó una *Moción en Solicitud de Orden (Muestra ADN) al Amparo de las Reglas 12.1 y 13.9 de las Reglas de Procedimientos de Asuntos de Menores (Regla 235 de las de Procedimiento Criminal)*.  En esta, alegó que el menor estaba sumariado esperando una vista final de revocación de libertad a prueba por varios incumplimientos en su horario de restricción domiciliaria. Además, planteó lo siguiente:

2. El 3 de diciembre de 2025 en la madrugada, hubo un robo domiciliario y de dos (2) vehículos de motor, uno de ellos un CAANAM en el Barrio Malpica del Pueblo de Río Grande.

3. Dicho vehículo fue recuperado cerca de la residencia del joven Rivera Salgado y luego de varios días del robo se levantó posible material genético (ADN) de dicho vehículo.

4. El mismo día 3 de diciembre de 2025, debajo de un árbol ubicado en el patio de una vecina posterior del joven Rivera Salgado; fue recuperado por el Policía Municipal Ezequiel Cruz Benítez, placa 0199, un bulto que pertenecía a una de las víctimas del robo en Malpica y dentro del mismo se recuperó un arma Tipo AK-47 calibre 7.62 y tres (3) pistolas calibre .40.

5. Ese mismo día, se llevó a cabo un registro consentido por escrito por la señora Kathia Salgado, madre del menor Rivera Salgado en el interior de la residencia donde también vive el menor de epígrafe. Producto de ese registro se ocuparon dos (2) abastecedores de pistolas, y catorce (14) municiones calibre .40, junto con un juego electrónico tipo "Playstation", el cual fue recuperado en la residencia de la señora Salgado donde también vive el menor de epígrafe. Ese objeto es un bien objeto del Robo domiciliario ocurrida en Malpica horas antes. Por la posesión de dichas municiones y el "Playstation", se le radicaron cargos criminales a la Sra. Kathia Salgado Quiñones y está pautada la Vista Preliminar para el próximo 6 de abril de 2026 en la Sala 205 de este Honorable Tribunal.

7. Recientemente se levantó posible material genético, tanto de las tres (3) pistolas, como del rifle ocupado.

8. El caso está siendo investigado por el Agente José A. Vélez Burgos, con placa 20071 adscrito al C.I.C. de Fajardo, Sección REPAPD, en conjunto con los Policías Municipales: Ezequiel Cruz Benítez, placa 0199 y Yesenia Báez Rodríguez, placa 0197.

9. Muy respetuosamente le solicitamos a este Honorable Tribunal que siendo el sospechoso de epígrafe una persona privada de su libertad en una Institución Juvenil del Departamento de Corrección y Rehabilitación, que por favor expida la citación dirigida al menor […] para que sea conducido por el Agente Vélez Burgos, los Policías: Cruz Benítez y Báez Rodríguez, junto con personal de la División de Ayuda Juvenil del C.I.C. de Fajardo, hacia el Instituto de Ciencias Forenses para para tomarle las muestras de ADN el día 5 de marzo de 2026, en las Oficinas del Instituto de Ciencias Forenses en Ponce y luego sea devuelto a la Institución donde se encuentra.

Conforme lo resuelto en los casos de PUEBLO VS FALU MARTINEZ 116 DPR 828 (1986) y EFRAIN MELENDEZ, FISCAL ESPECIAL INDEPENDIENTE, 94 JTS 42; donde se dispone que la obtención de dicha prueba no está sujeta al derecho o la autoincriminación, se solicita de este Honorable Tribunal, expedir Orden dirigida al acusado para que se le tome muestra de huellas dactilares.

10. Estas muestras son necesarias para que el Instituto de Ciencias Forenses (ICF) pueda realizar los análisis pertinentes de rigor a la evidencia genética levantada tanto en las armas de fuego antes mencionadas, como en el CAANAM recuperado cerca de la casa de Rivera Salgado.

El 23 de febrero de 2026, AGRS presentó una *Moción en Oposición de Manera Enérgica en Solicitud de Orden (Muestra De ADN).* En síntesis, expuso que estaba ingresado en la institución juvenil por el proceso de revocación que enfrenta. Indicó que la solicitud de toma de sangre fue por unos hechos ocurridos fuera de la institución y era para propósitos de una investigación. Alegó que se quería utilizar la vista de revocación final como subterfugio para solicitar orden de muestra de ADN por una alegada investigación de un robo domiciliario. Objetó la Moción presentada por el Procurador por presuntamente ser especulativo e inflamatorio, porque no surgen los motivos fundados de los agentes de la policía ni tampoco la corroboración de la

información, que no hay nada concreto que vincule al menor con los alegados hechos.

Atendidas ambas mociones, el 26 de febrero de 2026, el foro primario emitió una Orden mediante la cual declaró *Ha Lugar* la *Moción en Solicitud de Orden (Muestra de ADN)* que presentó el Procurador de Asuntos de Menores el 18 de febrero de 2026. Consecuente, el TPI ordenó el traslado del menor al Instituto de Ciencias Forenses a someterse a la obtención de una muestra de ADN a efectuarse el jueves 5 de marzo de 2026. El 27 de febrero de 2026, el menor, por conducto de su representación legal, presentó una *Moción Urgente*.

Entretanto, el 4 de marzo de 2026, el menor también presentó el recurso de *certiorari* que atendemos. En este alegó la comisión de los siguientes señalamientos de error:

> A. Erró el Honorable Tribunal de primera instancia al ordenar la toma de muestra de ADN de nuestro representado sin contar con información suficiente para emitir la misma. Es decir, en el momento de solicitar la orden de registro había inexistencia de causa probable para su expedición, violando, de esa forma, la garantía constitucional consagrada en el Artículo II Sección 10 de nuestra carta magna.
>
> B. Erró el Tribunal de Primera Instancia al ordenar la toma de muestra de ADN, esto en contravención a la garantía constitucional que protege el derecho a la intimidad de nuestro representado, según está garantizado en el Artículo II Sección 8 de la constitución del Estado Libre Asociado de Puerto Rico.
>
> C. Erró el Honorable Tribunal de Primera Instancia al declarar con lugar la solicitud de orden de toma de muestra de ADN de nuestro representado, a pesar [de] que la misma no estuvo acompañada de una declaración jurada ni se examinó a declarante alguno, en contravención a la Regla 231 de Procedimiento Criminal.

Junto al recurso, el menor incluyó una *Moción en Auxilio de la Jurisdicción* solicitando la paralización de la Orden aquí cuestionada. Evaluada esta, el 4 de marzo de 2026 ordenamos la paralización del trámite de obtención de material genético del

joven AGRS. A su vez, le ordenamos al Procurador General a que compareciera y así lo hizo el 13 de marzo de 2026 con un *Escrito en cumplimiento de resolución y solicitud de desestimación*. En su moción, en síntesis, alegó que carecíamos de jurisdicción por haberse tornado la controversia en académica. Fundamentó su petitorio en que el 12 de marzo de 2026, el Ministerio Público obtuvo una orden de registro y allanamiento ex parte, para la obtención de la muestra de ADN de AGRS, lo cual configuró un nuevo escenario procesal del presente caso. Incluyó la aludida declaración jurada y orden en el Exhibit 1.

Evaluado el asunto, disponemos.

**II.**

**A.**

El recurso de *Certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020). A su vez, se ha indicado que "el *certiorari* es un mecanismo extraordinario que procede, discrecionalmente, cuando no hay otro mecanismo disponible." Pueblo v. Guadalupe Rivera, 206 DPR 616, 632 (2021). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra,* pág. 372; Pueblo v. Díaz de León, 176 DPR 913, 917-918 (2009).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de

la razonabilidad". <u>Pueblo v. Ortega Santiago</u>, *supra*, pág. 211. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. <u>Pueblo v. Rivera Santiago</u>, *supra*, pág. 581.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, Regla 40 Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> a.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> b.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> c.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> d.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> e.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> f.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> g.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

La Cuarta Enmienda de la Constitución Federal, Emda. IV, Cont. EE. UU., LPRA, Tomo 1, así como el Art. II Sec. 10 de nuestra Constitución, disponen que todo ciudadano goza del derecho a protección contra registros, incautaciones y allanamientos irrazonables que puedan afectar su persona, casas, papeles y efectos. Art. II, Sec. 10, Const. ELA, LPRA, Tomo 1.

A nivel federal, la Constitución de Estados Unidos, en su Cuarta Enmienda, establece que:

> No se violará el derecho del pueblo a la seguridad de sus personas, hogares, documentos y pertenencias, contra allanamientos e incautaciones fuera de lo razonable, y no se expedirá ningún mandamiento judicial para el efecto, si no en virtud de causa probable, respaldada en juramento o promesa, y con la descripción en detalle del lugar que habrá de ser allanado y de las personas o efectos que serán objeto de detención o incautación.

Emda. IV, Const. EE. UU., LPRA, Tomo 1.

Así, a través de la Carta de Derechos de nuestra Constitución, se estableció un derecho a la protección de toda persona contra registros y allanamientos irrazonables por parte del Estado. Específicamente, la Constitución de Puerto Rico dispone lo siguiente:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.
>
> No se interceptará la comunicación telefónica.
>
> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar o registrarse, y las personas a detenerse o las cosas a ocuparse.
>
> Evidencia obtenida en violación de esta sección será inadmisible en los tribunales.

Art. II, Sec. 10, Const. PR, LPRA, Tomo 1.

La regla de exclusión consagrada en la citada Sec. 10 del Art. II de la Constitución de Puerto Rico persigue, disuadir y desalentar a los funcionarios del orden público de violar la protección constitucional. Pueblo v. Álvarez De Jesús, 214 DPR 753, 766 (2024); Toll y Sucn. Rivera Rojas v. Adorno Medina, 130 DPR 352, 358 (1992). Además, busca evitar que el Estado se beneficie de sus propios actos ilegales al momento de encausar criminalmente a un ciudadano. Pueblo v. Álvarez De Jesús, *supra*; Pueblo v. Nieves Vives, 188 DPR 1, 23 (2013). Por lo tanto, provee un remedio efectivo, de rango constitucional, para vindicar posibles violaciones al mandato constitucional contra registros y allanamientos irrazonables. Pueblo v. Rolón Rodríguez, 193 DPR 166, 181-182 (2015).

De acuerdo con lo anterior, en Puerto Rico, las Reglas 229 a la 234 de Procedimiento Criminal, 34 LPRA Ap. II, contienen la protección constitucional contra registros y allanamientos irrazonables y establecen requerimientos procesales adicionales que viabilizan el cumplimiento con el precepto constitucional. Pueblo v. Salamanca Corchado, 210 DPR 582, 591-592 (2022); Pueblo v. Rolón Rodríguez, *supra*, pág. 178.

En particular, la Regla 231 de Procedimiento Criminal, 34 LPRA Ap. II, R. 231, nos ilustra los requisitos que deben cumplirse para que un magistrado pueda librar una orden para llevar a cabo un registro y allanamiento. La aludida Regla expone lo siguiente:

> No se librará orden de allanamiento o registro sino en **virtud de declaración escrita**, prestada ante un magistrado bajo juramento o afirmación, que exponga los hechos que sirvan de fundamento para librarla. **Si de la declaración jurada y del examen del declarante el magistrado quedare convencido de que existe causa probable para el allanamiento o registro, librará la orden en la cual se nombrarán o describirán con particularidad la persona o el lugar a ser registrado y las cosas o propiedad a ocuparse. La orden expresará los**

**fundamentos habidos para expedirla, y los nombres de las personas en cuyas declaraciones juradas se basare.** Ordenará al funcionario a quien fuere dirigida registre inmediatamente a la persona o sitio que en ella se indique, en busca de la propiedad especificada, y devuelva al magistrado la orden diligenciada, junto con la propiedad ocupada. La orden dispondrá que será cumplimentada durante las horas del día, a menos que el magistrado, por razones de necesidad y urgencia, dispusiere que se cumplimente a cualquier hora del día o de la noche. (Énfasis suplido).

De lo anterior se colige que, conforme a las exigencias constitucionales y estatutarias, para la liberación de una orden judicial de registro y allanamiento se requiere: (1) **una declaración bajo juramento o afirmación** (2) **en la que surja la causa probable**; (3) que la orden sea librada por autoridad judicial; y (4) en ella se escriba el nombre o se describa con particularidad la persona o el lugar a ser registrado y las cosas o la propiedad a ocuparse. Pueblo v. Salamanca Corchado, *supra*, pág. 592; Pueblo v. Rivera Martell, 173 DPR 601, 610 (2008); Pueblo v. Rolón Rodríguez, *supra*, págs. 180-181; Pueblo v. Camilo Meléndez, 148 DPR 539, 553 (1999). Estos requisitos, y la interposición de un magistrado, responden a consideraciones de índole procesal que afianzan el cumplimiento con las exigencias sustantivas. Pueblo v. Salamanca Corchado, *supra*, pág. 591.

Así pues, el agente de orden público que desea la emisión de una orden de registro tiene que acudir ante un juez con una **declaración jurada** que exponga hechos que justifiquen su expedición. Pueblo v. Rivera Rodríguez, 123 DPR 467, 477 (1989), ver, además, Pueblo v. Santiago Feliciano, 139 DPR 361, 404 (1995). El agente tiene que comparecer ante el magistrado, y estar disponible para ser interrogado en caso de que el juez tenga cualquier reparo sobre algún aspecto o detalle prestada. Pueblo v. Rivera Rodríguez, supra, pág. 478. Basta con que el deponente

entienda que se había violado la ley en el lugar que habría de ser registrado o allanado para establecer el motivo fundado requerido para la expedición de una orden de registro y allanamiento. Pueblo v. Salamanca Corchado, *supra*, pág. 599.

En cuanto a la orden que se expida, según la Regla 231, esta expresará: (1) los fundamentos para expedir; (2) **el nombre de la persona declarante**, entre otros requisitos. Pueblo v. Salamanca Corchado, *supra*; Pueblo v. Rolón Rodríguez, *supra*, pág. 179*.* Este requisito procesal garantiza que de la propia orden surja la causa probable que dio base a su expedición y evita que se pueda llevar a cabo un allanamiento sin apercibir a un ciudadano de las razones que lo motivaron. Pueblo v. Rolón Rodríguez, *supra*, pág. 179. Así, una orden diligenciada en contravención a estos requisitos será nula. Pueblo v. Rolón Rodríguez, *supra*, pág. 181.

### III.

En la presente causa, el peticionario estaba cumpliendo, como menor, una medida dispositiva en libertad a prueba. En el proceso de revocación de esta, el 18 de febrero de 2026, el Procurador de Asuntos de Menores presentó una *Moción en Solicitud de Orden (Muestra ADN)* […]. En general, en la referida moción alegó que hubo un robo domiciliario el 3 de diciembre de 2025, y luego de explicar la prueba recuperada, solicitó que AGRS, fuese llevado al Instituto de Ciencias Forenses para que se le tomara una muestra de ADN. Con la objeción de la representante legal del joven, el 26 de febrero de 2026, el TPI emitió una *Orden* en la cual declaró *Con Lugar* la petición del Ministerio Público para someter al menor a la prueba.

Por no estar de acuerdo con la orden, el peticionario AGRS presentó un recurso de *certiorari.* A grandes rasgos alegó que el

Procurador de Menores no incluyó una declaración jurada de alguien que detalle los hechos pertinentes para que la juez pudiera concluir si había causa probable para expedir la orden. Sostuvo que la orden tampoco contenía los fundamentos para su expedición.

El alegó que, ante la existencia de una orden de registro y allanamiento debidamente expedida, no existe una controversia real entre las partes, por lo que el asunto se tornó académico. Señaló que la referida orden configuró un nuevo escenario procesal que incide sobre la resolución de la controversia que nos ocupa.

En su escrito de reacción, el Procurador General solicitó la desestimación porque el 12 de marzo de 2026, posterior a la presentación de la presente acción, obtuvo una nueva orden de registro ex parte, lo cual tornaba la acción en académica. Incluyó en el anejo de su escrito, una declaración jurada del agente deponente y la orden que emitió el TPI el mismo 12 de marzo de 2026.

Evaluamos el recurso.

Para emitir una orden de registro a los fines de obtener material genético, si la persona no se somete voluntariamente a ello, es necesario dar fiel cumplimiento a la Regla 231 de Procedimiento Criminal, *supra*. Esto permite salvaguardar los preceptos constitucionales contra registros y allanamientos irrazonables. En particular, la Regla 231 de Procedimiento Criminal, *supra*, requiere que se le presente al magistrado una declaración bajo juramento o afirmación de la cual surja motivo fundado para la expedición.

Evaluado el expediente, notamos que la moción del ministerio público, mediante la cual solicitó la Orden para la

prueba de material genético, no aludió, ni contenía, la "declaración jurada o afirmación" de algún deponente o agente, que a su vez le permita al magistrado evaluar si se cumplió con el criterio de motivo fundado para emitir la orden.    Este requisito es fundamental, pues el agente declarante debe estar disponible para ser interrogado, en caso de que el juez tenga cualquier reparo sobre algún aspecto de la declaración.

La Moción que sometió el Ministerio Público para solicitar la orden, no sustituye, -ni cumple- con el requisito de la declaración jurada o afirmación.  Por tanto, como no surge del expediente ante nuestra consideración la declaración jurada que dio lugar a la orden, no podemos validarla en revisión. Tampoco procede hacer lo solicitado por la representación del Menor en su segunda Moción presentada ayer con el título Urgente Moción Informativa y en Solicitud de Remedio.

Independiente a lo anterior, la Orden también se considera nula, toda vez que no contiene los fundamentos para expedirla y los nombres de las personas en cuyas declaraciones juradas se basare.[2]   Esta omisión es insubsanable.

Por lo anterior, el foro de primera instancia no contaba con los requisitos básicos esenciales para emitir la Orden del 26 de febrero de 2026. Esta acción se refuerza con el escrito que nos sometió el Procurador General, del cual podemos razonablemente concluir, que este aceptó que la orden cuestionada en el presente recurso, la emitida el 26 de febrero de 2026, que es la única que ha tenido este foro bajo su consideración, se emitió incorrectamente, por carecer de una declaración jurada.

---

[2] Pueblo v. Rolón Rodríguez, *supra*, pág. 179.

**IV.**

Por los fundamentos antes expresados, se expide el recurso de *Certiorari* y se revoca la *Orden* aquí cuestionada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.   La Juez Boria Vizcarrondo disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones